SUMMARY ORDER

Youssef Guirguis, Mervat Abdelmalak, and Christine Youssef Guirguis, natives and citizens of Egypt, seek review of an April 11, 2008 order of the BIA, affirming the June 5, 2006 decision of Immigration Judge (“IJ”) Sandy K. Horn, which denied their applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”).[2] In re Guirguis, et al, Nos. A73 184 096, A76 101 499/500 (B.I.A. Apr. 11, 2008), affg Nos. A73 184 096, A76 101 499/500 (Immig. Ct. N.Y. City Jun. 5, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
As an initial matter, petitioners do not challenge, in their brief to this Court, the IJ’s finding that they failed to establish past persecution in Egypt, and have therefore abandoned any such challenge. See Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007). We find no error in the agency’s determination that petitioners failed to demonstrate that they have a well-founded fear of future persecution. See Hoxhallari v. Gonzales, 468 F.3d 179, 185 (2d Cir.2006). Petitioners argue that the agency erred in failing to find objectively reasonable their fear that upon return to Egypt they will be forced to convert to Islam, suffer economic persecution, and endure violence as Coptic Christians. However, the IJ and the BIA properly considered the record and determined that petitioners fear discrimination and harassment, not persecution, and that their arguments are speculative at best. See Ivanishvili v. U.S. Dep’t of Justice, 433 F.3d 332, 341 (2d Cir.2006) (finding that the alleged harm must be sufficiently severe, rising above mere harassment); see Jian Xing Huang v. INS, 421 F.3d 125, 129 (2d Cir.2005) (stating that a fear is not objectively reasonable if it lacks “solid support” in the record and is merely speculative at best). Petitioners contend *70 that the IJ relied disproportionately on the State Department reports. Indeed, the IJ mainly relied on the State Department’s International Religious Freedom Report and the Country Report on Human Rights Practices. While we have cautioned the agency against excessive reliance on State Department Reports, Tian-Yong Chen v. INS, 359 F.3d 121, 130 (2d Cir.2004), they are probative, Tu Lin v. Gonzales, 446 F.3d 395, 400 (2d Cir.2006). Here, there is nothing to suggest that the IJ relied on the State Department reports to the exclusion of the other evidence in the record. Rather, the record suggests that the IJ properly afforded the reports more probative weight than the background materials, letters, and news reports petitioners submitted. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 342 (2d Cir.2006) (stating that the weight afforded to evidence “ ‘lie[s] largely1 within the discretion of the IJ).”
Because petitioners were unable to show the objective likelihood of persecution needed to make out an asylum claim, they were necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief where those claims rested on the same factual predicate. See 8 C.F.R. § 1208.16(b)(2); Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Kyaw Zwar Tun v. INS, 445 F.3d 554, 567 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. We refer throughout this order to Youssef Guirguis and Mervat Abdelmalak as "petitioners” as they both filed asylum applications before the agency. Christine Youssef Guir-guis was listed as a derivative applicant on Mervat Abdelmalak’s asylum application. To the extent petitioners argue that she has an independent asylum claim, their arguments must be presented to the agency in the first instance and are thus not properly before us. 8 U.S.C. § 1252(d)(1).